UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AULTON DANIEL GOBEN, III,

                Plaintiff,

v.

KENT COUNTY, et al.,

                Defendants.

_____/

Case No. 1:25-cv-667

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state parolee detained within the Kent County Correctional Facility under 42 U.S.C. § 1983.  In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that

"[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

standards, the Court will dismiss Plaintiff's complaint without prejudice as duplicative and, therefore, malicious.

## Discussion

### I.   Factual Allegations

Plaintiff is presently detained in the Kent County Correctional Facility, located in Grand Rapids, Kent County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues Kent County, the Kent County Sheriff's Department, Kent County Sheriff Michelle LaJoye-Young, Correctional Officers Justin Iacaboni, Unknown Sutton, and Unknown Dingman, Unknown Party #1, named as Nurse "Jim," and Unknown Party #2, named as Physician "Jane Doe." (Compl., ECF No. 1, PageID.3–4.)  Plaintiff sues all Defendants in their personal and official capacities. (*Id.*)

Plaintiff alleges that, according to a policy or custom maintained by Defendant LaJoye-Young, "bottom deck" and "upper deck" inmates "are suppose[d] to be in the dayroom separate;" however, they are allowed into the dayroom together for morning cleanup.  (*Id.*, PageID.5–6.)  On October 31, 2024, Defendants Iacaboni and Sutton were working in the control center and one of them let Plaintiff and other inmates, both bottom and upper deck, out of their cells during morning cleanup.  (*Id.*, PageID.5.)  Defendant Sutton announced over the intercom, "You're about to be f\*\*cked up," and a non-party inmate immediately attacked Plaintiff.  (*Id.* (asterisks in original).)  Plaintiff alleges that the attack went "on for too [sic]" before Defendants Sutton and Iacaboni intervened.  (*Id.*)  Plaintiff later learned that Defendant Sutton had previously told inmates that Plaintiff was charged with sexual misconduct

4

involving a minor and that Defendant Sutton had encouraged other inmates to attack Plaintiff as well.  (*Id.*, PageID.6.)

Following the attack, Plaintiff was transported to the disciplinary unit.  (*Id.*, PageID.5.)  Approximately 30 to 45 minutes later, Defendant Jim arrived and assessed Plaintiff's injuries while Plaintiff was behind a locked cell door.  (*Id.*)  Defendant Jim attempted to communicate with Plaintiff, but Plaintiff informed Defendant Jim that he could not understand what Defendant Jim was saying.  (*Id.*)  Not long after the visit by Defendant Jim, Defendant Jane Doe also arrived at Plaintiff's cell, assessed Plaintiff's injuries, and spoke to Plaintiff behind a locked cell door.  (*Id.*)  Plaintiff alleges that Defendant Dingman performed safety checks while Plaintiff was in the disciplinary unit and still bleeding but ignored Plaintiff's requests for medical attention.  (*Id.*, PageID.6.)  Four to five hours after the attack, Plaintiff was transported to the hospital by Defendants Sutton and Dingman, where Plaintiff received medical treatment for his injuries.  (*Id.*)

As a result of the events described within Plaintiff's complaint, Plaintiff seeks monetary, injunctive, and declaratory relief. (*Id.*, PageID.7.)

This is not the first time that Plaintiff has raised these claims.  In *Goben v. Kent County et al.* (*Goben I*), No. 1:25-cv-17 (W.D. Mich.), Plaintiff sued Defendants Kent County, Sutton, Iacaboni, Dingman, Jane Doe, Jim (named as "John Doe"), and others for First Amendment, Eighth Amendment, and state law violations arising out of the October 21, 2024, attack and subsequent medical care.  Plaintiff's claims against Defendants Kent County, Sutton, Iacaboni, Dingman, Jane Doe, Jim were

5

dismissed for failure to state a claim. *Id.*, (ECF No. 11, PageID.48.) However, *Goben I* remains pending against other parties not named in the present complaint.

## II. Duplicative Complaints

Because the instant complaint repeats the factual allegations and claims that Plaintiff pursued in *Goben I*, which remains pending and has not yet reached a final judgment, the Court must determine whether the complaint is frivolous or malicious. Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

Moreover, prisoners who bring civil actions *in forma pauperis* face additional constraints due to statutory barriers when bringing duplicative claims. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) ("[T]he court's

power of dismissal in IFP cases under section 1915(d)[2] is broader than in other civil cases under the Federal Rules of Civil Procedure."). The PLRA commands that district courts "shall review . . . as soon as practicable . . . a complaint in which a prisoner seeks redress from a governmental entity or officer" and dismiss it if it "is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915A.

The Sixth Circuit has not provided clear guidance as to the meaning of "malicious" in § 1915A(b)(1) or its analogues in § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(2).[3] However, all of the circuits that have confronted the question to conclude that a "duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious" for prisoners suing governmental entities and those proceeding *in forma pauperis. Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims . . . ."); *Bailey*, 846 F.2d at 1021 ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(d) as malicious." (alteration in original)); *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (confirming rule under former § 1915(d) that a district court may

---

[2] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d).

[3] 28 U.S.C. § 1915A requires a court to screen prisoners complaints seeking redress from a governmental entity or officer. Section 1915(e) requires that a court dismiss an action, in whole or in part if it is malicious, where a plaintiff is proceeding *in forma pauperis*. In a related statute, 42 U.S.C. § 1997e(c) requires that a court dismiss an action, in whole or in part if it is malicious, where a prisoner challenges prison conditions under federal law. Frequently, a prisoner who brings a civil rights case is subject to all three.

7

dismiss duplicative complaints as malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that dismissal without prejudice of an action under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims," serves Congress' goal of limiting plaintiffs from filing "frivolous, malicious, or repetitive lawsuits" (citations omitted)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks omitted, first alteration in original)); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint brought by a pauper "that merely repeats pending or previously litigated claims" is abusive and "[a] complaint plainly abusive of the judicial process is properly typed malicious"); *see also Hurst v. Counselman*, 436 F. App'x 58, 60–61 (3d Cir. 2011) (concluding that the plaintiff's duplicative action evinced an attempt to vex, injure or harass a defendant and was therefore properly dismissed as malicious); *Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (affirming dismissal of a complaint as frivolous and malicious because it "substantially mirror[ed] the prior complaint"); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (concluding "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit" filed by the same plaintiff); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming the dismissal of a complaint as frivolous where the plaintiff proceeding with pauper status already had filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein").

8

Therefore, this Court concurs with the uniform practices of the circuits that have confronted the issue: a complaint challenging prison conditions under federal law brought by a prisoner proceeding *in forma pauperis* that repeats pending or previously litigated claims is properly dismissed without prejudice as malicious under the PLRA. Yet, several circuits have further indicated that a complaint need only be *substantially* similar to previous or pending claims for a court to dismiss the complaint as malicious. *See, e.g.*, *Davis*, 234 F. App'x at 874; *Van Meter*, 518 F.2d at 367. For example, notwithstanding permissive joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure, the Fifth Circuit permits dismissals for malice where a plaintiff brings a subsequent complaint against new defendants with claims arising out of the same transaction or occurrence as an earlier complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1020, 1021 (affirming the district court's dismissal as malicious of an action alleging similar facts as an earlier action but against a new defendant). Clearly, even some partially duplicative complaints may abuse the judicial process, particularly where a court concludes that the plaintiff intends to vex, injure, or harass a defendant.

Further, dismissing as malicious substantially duplicative or similar complaints serves multiple purposes. First, it conserves judicial resources. Conservation of judicial resources permits courts to identify and resolve other pending matters with urgency including, for example, legitimate claims brought by prisoners who are in imminent danger. Indeed, Congress created the PLRA to address "the skyrocketing numbers of claims filed by prisoners—many of which are

meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Dismissals of subsequent but substantially similar complaints as malicious therefore aid judicial economy. *Cf. Kerotest Mfg. Co.*, 342 U.S. at 183.

Second, it limits a vexatious litigant from filing lawsuits with similar factual allegations and claims against the same or overlapping defendants. The PLRA extends a federal court's inherent power to dismiss as frivolous a duplicative complaint, *see e.g.*, *Colo. River Water Conservation Dist.*, 424 U.S. at 817, because it permits a federal court to dismiss as malicious a substantially duplicative complaint, *see Davis*, 234 F. App'x at 874; *Pittman*, 980 F.2d at 995. Substantially duplicative complaints, when filed without good cause, abuse the judicial process and may subject defendants to "the vexation of concurrent litigation over the same subject matter." *Adam*, 950 F.2d at 93.

Furthermore, absent the ability to dismiss without prejudice substantially similar complaints as malicious, a prisoner-plaintiff may circumvent the three-strikes provision of 28 U.S.C. § 1915(g). Whether inadvertent or deliberate, a plaintiff could be shielded from receiving strikes by appending any new claims he desires to bring and reasserting a previous claim that alleged facts sufficient to state a claim. Such a result would undermine Congress' objectives with the PLRA "to put in place economic incentives that would prompt prisoners to" proceed prudently. *See Hampton*, 106 F.3d at 1286.

Finally, a dismissal without prejudice of a substantially similar complaint would ensure that the plaintiff does not suffer gratuitous harm. *Cf. Strandlund v. Hawley*, 532 F.3d 741, 745–46 (8th Cir. 2008) (interpreting "gratuitous harm" in the context of remedying misjoinder). The plaintiff would remain able to refile a new complaint after eliminating the duplicative claims.

For all of the foregoing reasons, this Court concludes that partially duplicative complaints aimed at vexing, injuring or harassing defendants abuse the judicial process; and, therefore, should be dismissed without prejudice as malicious pursuant to the PLRA.

Plaintiff has brought similar factual allegations and identical legal claims against Defendants Kent County, Sutton, Iacaboni, Dingman, Jane Doe, and Jim in both *Goben I* and in the present action. In addition, the "wrongs" alleged in both cases concerning Eighth Amendment claims for failure to protect and failure to provide adequate medical care are the same. As a result, the Court concludes that Plaintiff's allegations in this case sufficiently duplicate the events alleged in *Goben I*, such that Plaintiff's instant complaint is duplicative and malicious.[4] The Court will dismiss the complaint on that ground. The dismissal is without prejudice to Plaintiff's first-filed claims in *Goben I* and without prejudice to Plaintiff filing a new complaint raising any non-duplicative claims.

---

[4] The fact that Plaintiff adds new Defendants, Kent County Sheriff's Department and Kent County Sheriff Michelle LaJoye-Young, does not remediate his inclusion of the duplicative allegations.

11

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as duplicative and, therefore, malicious, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore*, 114 F.3d at 611.  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:  July 22, 2025                              /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge